| | |
|---|---|
| 1<br>2<br>3<br>4<br>5 | RUSSELL I. GLAZER (SBN 166198)<br>Email: rglazer@troygould.com<br>MATTHEW L. VENEZIA (SBN 313812)<br>Email: mvenezia@troygould.com<br>TROYGOULD PC<br>1801 Century Park East, 16th Floor<br>Los Angeles, CA 90067-2367<br>Telephone:   (310) 553-4441<br>Facsimile:    (310) 201-4746 |
| 6<br>7<br>8 | Attorneys for Defendant and Counterclaimant<br>HB International Corp. Sociedad por Accidnos<br>Simplificada S.A.S. (sued in this case as HB<br>Corporation a/k/a HB International Corporation S.A.S.<br>and Defendant Luis Roberto Andrade |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED AERONAUTICAL CORPORATION, a California Corporation,<br><br>            Plaintiff,<br>   v.<br>HB CORPORATION a/k/a HB INTERNATIONAL CORPORATION S.A.S., a Colombian Corporation; LUIS ROBERTO ANDRADE,<br><br>            Defendants. | Case No. 2:16-cv-04017-TJH-RAO<br><br>STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION<br><br>Assigned for All Purposes To:<br>Hon. Terry J. Hatter, Jr.<br><br>Complaint Filed:   June 1, 2016<br>Trial Date:              None Set |
| HB INTERNATIONAL CORP. SOCIEDAD POR ACCIDNOS SIMPLIFICADA S.A.S., a Colombian Corporation,<br><br>            Counterclaimant,<br>   v.<br>UNITED AERONAUTICAL CORPORATION, a California Corporation and BRADFORD BECK, an individual,<br><br>            Counterdefendants. | |

**TroyGould PC**

STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION

03774-0002 297003.1

Plaintiff and counterdefendant United Aeronautical Corporation ("UAC"), counterdefendant Bradford Beck ("Beck"), defendant and counterclaimant HB International Corp. Sociedad Por Accidnos Simplificada S.A.S. ("HBC"), and defendant Luis Roberto Andrade ("Andrade") (collectively, the "Parties") have previously stipulated, by and through their counsel, subject to the approval of this Court, to the immediate entry of the following Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, to govern the handling of confidential and proprietary information and documents throughout this proceeding.

1. This Protective Order covers the production and use of all material in this Action constituting, containing or disclosing, in whole or in part Confidential Information, as defined herein below.

2. This Protective Order does not purport to allow the parties to file Confidential Information under seal. Instead, the parties hereto recognize that Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

3. As used in this Protective Order, the following definitions shall apply:

    (a) The term "Confidential Information" refers to materials designated "Confidential" and includes: (1) proprietary technical information and specifications; (2) trade secrets; (3) proprietary business and financial information; and (4) any other information the disclosure of which is likely to have the effect of causing substantial harm to the competitive position of the person, partnership, corporation or other organization from which the information is obtained.

    (b) The term "discovery material" encompasses, but is not limited to: (1) any type of document produced by a party in response to a discovery request including corporate, intra-corporate, interoffice and intra-office memoranda, correspondence, reports, negotiations, contracts, conversations, any and all other taped, recorded, filmed, written or typed matters of any kind or description, including the originals and all nonidentical copies, whether different from the originals by reason of any notation made on such copies or

otherwise; (2) all interrogatory answers; (3) answers to requests for admissions; (4) depositions; and (5) any physical objects, samples, or other items produced.

      (c) The term "designating party" refers to the party who has produced discovery material containing Confidential Information.

4. All Confidential Information produced or exchanged in the course of this Action shall be used for the purpose of preparing for and conducting this Action, including trial and appeals, if any, and any related litigation, arbitration or any judicial proceeding in the United States or outside of the United States involving UAC or any of its affiliates and HBC or any of its affiliates. The Confidential Information produced or exchanged by Parties shall not be used for any business purpose, except as may be ordered by this Court, unless there is an express written agreement between the parties to the contrary.

5. The designation and handling of Confidential Information shall be as follows:

      (a) Discovery material produced in the course of discovery (either formally or informally), which the designating party deems to contain Confidential Information, may be designated "Confidential" in accordance with Subparagraphs (b) through (e) below.

      (b) Except as provided in Subparagraph (e) of this paragraph, all discovery material, including documents and things, designated as Confidential Information shall be marked or stamped by the designating party prior to the production thereof with the word "Confidential." Such marking or stamping shall be applied to each page of the document or other discovery material. All correspondence and other written materials which quote from or refer to the substance of any Confidential Information shall also be treated as confidential in accordance with the provisions of this paragraph and each page of such documents shall be marked in accordance with the provisions of this paragraph, except for briefs and memoranda and other documents filed in Court, the procedure for which filing under seal is governed by Local Rule 79-5, as addressed in Paragraph 2.

      (c) Discovery material designated "Confidential" shall be retained by the non-designating counsel and, except upon further Order of the Court or by express written

agreement with counsel for the designating party, shall not be disclosed to any person except those specified in Paragraph 5 hereof, and shall not be used by any recipient authorized by this Protective Order to receive or view such confidential material for any purpose, including but not limited to, any business purpose, except in connection with this Action.

(d) All portions of depositions to be treated as containing Confidential Information shall be so specified at the time of the deposition on the record. The reporter shall be instructed to transcribe separately and conspicuously mark the designated transcript portions with the label "Confidential" in which event such portions shall be treated as containing Confidential Information pursuant to this Protective Order, subject to the terms set forth in Subparagraph (c) above. Any trial transcript, deposition transcript, or deposition videotape which contains Confidential Information shall further have marked on the cover page of the transcript or on the container of the tape, as the case may be, the following legend: "CONTAINS INFORMATION WHICH IS CONFIDENTIAL."

(e) Notwithstanding the provisions of Subparagraph (b) of this paragraph, any party who produces discovery material to any other party during the course of discovery in the Action without designating such discovery material as "Confidential" pursuant to Subparagraph (b) of this paragraph may subsequently elect to treat such discovery material as Confidential Information. The designating party shall notify the non-designating party or parties in writing of the designating party's election to so treat the discovery material and shall provide copies so designated to the attorney for the non-designating party. Discovery material newly designated as Confidential Information pursuant to this subparagraph shall thereafter be treated as if originally designated pursuant to Subparagraph (b) of this paragraph and shall be subject to the full force and effect of this Protective Order; provided, however, that the non-designating party or parties shall under no circumstances be liable or accountable for any disclosure of the newly designated Confidential Information to any person during the interval between the time the newly designated Confidential Information is provided to the non-designating party or parties

without being designated as Confidential Information pursuant to Subparagraph (b) of this paragraph and the time at which the designating party so designates the Confidential Information pursuant to this subparagraph.

6. Access to information designated as "Confidential," including any summaries, abstracts or indices thereof, shall be only as follows:

(a) Access, on behalf of any non-designating party, to any discovery material designated as "Confidential" shall be limited to the following categories of persons:

(1) Counsel for the non-designating party, their associate attorneys and office personnel employed or engaged in the preparation for, or aiding in the trial of, this Action;

(2) Individuals retained by the counsel for the non-designating party for the purpose of assisting counsel with this lawsuit as outside independent experts or outside consultants;

(3) Employees or agents of named parties to the Action;

(4) Witnesses intended to be called to testify either at deposition or trial in the Action;

(5) The court and court personnel before whom the Action is to be tried;

(6) Language translators, if necessary, plus necessary outside clerical assistants who are retained by these translators;

(7) Court reporters who take and transcribe testimony, plus necessary clerical assistants who are retained by these court reporters.

(b) Each person in categories (a)(2) and (a)(6) above to whom disclosure of designated Confidential Information is to be made shall, in a written instrument (in the form of the Acknowledgment attached to this Protective Order as "**Exhibit A**") executed prior to any disclosure acknowledge that such person has read and understands the terms of this Protective Order and agrees to comply with, and be bound by, this Protective Order

until modified by further order of this Court or by agreement of the parties hereto. Those persons specified in categories (a)(1), (a)(3), (a)(4), (a)(5), and (a)(7) above, shall not be required to be identified or to sign such written instrument, it being understood that, prior to receiving Confidential Information, they will be informed of the terms of this Protective Order and will agree to be bound by the terms hereof.

(c) Nothing in this Protective Order shall bar or otherwise restrict any attorney herein from rendering advice to his client with respect to this litigation and, in the course thereof, referring to or relying upon his examination of "Confidential Information."

7. The manner of handing disputes pursuant to this Protective Order shall be as follows:

(a) Disputes shall be resolved by the parties negotiating in good faith. If the parties cannot reach agreement, the dispute shall be presented to the Court and/or Magistrate for resolution. A party shall not be obligated to challenge the propriety of a "Confidential" designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

8. Anyone receiving Confidential Information hereunder shall not disclose such Confidential Information to any person to whom disclosure is not authorized by the terms hereof.

9. This Protective Order shall not be construed:

(a) to prevent any party or its respective counsel from lawfully making use of information which was lawfully in its possession prior to receiving same from a designating party during the course of this action;

(b) to apply to information which becomes publicly known through some means other than a party's violation of this Protective Order;

(c) to apply to information independently acquired, or which any party or its counsel has lawfully obtained or shall hereafter lawfully obtain from any third party having the right to disclose such information;

(d) to define the relative rights and obligations of the parties concerning the use of Confidential Information during the course of any hearing or trial in this matter;

(e) to require production of Confidential Information deemed by counsel possessing such information to be protected from discovery by the attorney-client privilege or work product doctrine; or

(f) to preclude any party from seeking further protection from the Court or otherwise with respect to any Confidential Information or other discovery material which such party believes merits such additional protection.

10. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action. Moreover, failure to designate discovery material in accordance with this Protective Order and failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Protective Order shall not act as a waiver of the right to object to the production of documents containing Confidential Information on the grounds of confidentiality.

11. STRICKEN BY MAGISTRATE JUDGE OLIVER

12. Within sixty (60) days after final termination of this action, including any appeal, each party and all other persons in possession of Confidential Information pursuant to this Protective Order shall assemble all documents and things furnished and designated by any other party as containing Confidential Information and shall: (a) return all original documents and things to the producing party upon written request; and (b) either destroy the remaining documents and things, including all copies, or return them to the producing party, such election to be made by the producing party. The outside litigation attorneys of record for each party shall be entitled, however, to retain archival copies of all pleadings, motion papers, discovery responses, deposition transcripts, legal memoranda, correspondence, and work product, subject to the continuing confidentiality obligations of this Protective Order.

13.     Notwithstanding the provisions of Paragraph 12 above, the litigation attorneys of record for each party may choose to retain the Confidential Information as long as they may be needed so long as they are not distributed or used for any purpose inconsistent with the provisions of this Protective Order.

14.     This Protective Order is without prejudice to the right of any party to seek modification by the Court of any of the terms of this Protective Order, or to present to the Court any matter which is the subject of this Protective Order.

15.     Nothing in this Protective Order shall prohibit the transmission or communication of Confidential Information by hand delivery, face-to-face conference, in sealed envelopes or container via the mails or an established freight, delivery or messenger service, or by telephone, if, under the circumstances, there is no reasonable likelihood that the transmission will be intercepted and misused, or that Confidential Information will be disclosed to non-disclosing parties to this lawsuit.

**O R D E R**

**IT IS SO ORDERED.**

DATED: December 05, 2017

_____
Hon. Rozella A. Oliver
UNITED STATES MAGISTRATE JUDGE